ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Upsher-Smith Laboratories, Inc.

Plaintiff,

vs.

Pan American Laboratories, Inc. and Metabolite Laboratories, Inc.,

Defendants.

Case Number 01-352 ADM/AJB

**STIPULATED PROTECTIVE ORDER**

**PROTECTIVE ORDER LIMITING DISCLOSURE OF DISCOVERY**

Plaintiff Upsher-Smith Laboratories, Inc. ("Upsher-Smith") and Defendant Pan American Laboratories, Inc. ("Defendant") each assert that it possesses information relating to the subject matter of this action that it deems confidential and proprietary. The parties recognize that in the course of discovery proceedings it may be necessary to disclose to the other party certain of the asserted confidential and proprietary information, but each wishes to ensure that such asserted confidential and proprietary information shall not be used for any purpose other than this action, and shall not be made public by another party, or be otherwise disseminated by another party, beyond the extent necessary for purposes of this action. In addition, the parties contemplate that confidential information may be produced by a non-party. The parties therefore seek to facilitate the production and protection of such information.

Accordingly, based upon the agreement of the parties and for good cause shown, it is hereby ordered pursuant to Rule 26 of the Federal Rules of Civil Procedure that the following procedure shall be adopted for the protection of confidential and proprietary information:

AUG 11 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1. "Confidential Information" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, responses to requests for production, or other information provided in discovery in this action ("Discovery Material"), that contains non-public, confidential or proprietary information, whether personal or business-related, including proprietary financial or technical data or commercially sensitive competitive information the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations on Discovery Material ("the Designating Party"). *Confidential* information may be designated interchangeably as "*Highly Confidential*" information. Certain limited types of *Confidential* information may be further designated, as defined and detailed below, as "*Outside Counsel Eyes Only*." The *Outside Counsel Eyes Only* designation shall be reserved for confidential information regarding future products not yet commercially released, strategic plans, or highly proprietary information so designated by either party. All such designations shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender to the party receiving the same ("Receiving Party"), or at such other time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of a claim to such designation, and a party may so designate Discovery Material thereafter subject to the protections of this Protective Order. Designations shall constitute a representation by an attorney for the Designating Party that there is a valid basis for the designation.

2. The designation of Discovery Material in the form of documents, responses to requests, or other tangible materials (including, without limitation, CD-ROMs and tapes) other than depositions or other pretrial testimony as *Confidential* or *Outside Counsel Eyes Only* shall be made by the Designating Party in the following manner:

a. Documents designated *Confidential* shall be marked by conspicuously affixing the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or similar designation on each page containing any such information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. Such designated Discovery Material shall be identified by Bates number. To the extent practical, the legend shall be placed near the Bates number.

b. Documents designated *Outside Counsel Eyes Only* shall be marked by conspicuously affixing the legend "OUTSIDE COUNSEL EYES ONLY" or similar designation on each page containing any such information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. Such designated Discovery Material shall be identified by Bates number. To the extent practical, the legend shall be placed near the Bates number.

c. If a document has more than one designation, the more restrictive or higher confidential designation applies.

3. All Discovery Materials designated *Confidential* and *Outside Counsel Eyes Only* that are not reduced to documentary, tangible or physical form or which cannot be conveniently designated in the manner set forth in paragraph 2 hereof shall be designated by the Designating Party by informing the Receiving Party in writing.

4. All documents (including physical objects) may be made available for initial inspection by counsel for the Receiving Party prior to producing copies of selected items. At the request of the Designating Party, these documents made available for initial inspection shall initially be considered, as a whole, to constitute *Outside Counsel Eyes Only* information and shall be subject

to this Order. Thereafter, the Designating Party shall have a reasonable time to review and designate the appropriate documents as *Confidential* or *Outside Counsel Eyes Only* prior to furnishing copies to the Receiving Party.

5. Such initial inspection of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity with respect to any document so inspected. Furnishing of copies to the Receiving Party also shall not constitute a waiver of the attorney-client privilege or work product immunity with respect to any document or physical object so furnished, if within ten (10) days after learning of the inadvertent production, the Designating Party designates any such documents as within either the attorney-client privilege or work product immunity and requests return of any such documents to the Designating Party. Upon a reasonable request by the Receiving Party as to whether a document was inadvertently produced, the Designating Party shall have ten (10) days to respond. The Designating Party's response shall: (1) state whether the document was or was not inadvertently produced, (2) if applicable, designate the document as within the attorney-client privilege or work product immunity, and (3) state whether return of the document is requested. Upon request by the Designating Party for return of any such documents designated as within either the attorney-client privilege or work product immunity, the Receiving Party immediately shall return to the Designating Party all copies of such documents. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity designation by filing an appropriate motion with the Tribunal.

6. *Confidential* and *Outside Counsel Eyes Only* information shall not include any Discovery Materials that:

a. Have been or become lawfully in the possession of the Receiving Party through communications other than production or disclosure in this action, or in other litigation, for example, as a result of legitimate business dealings between the parties, unless those documents are covered by a separate non-disclosure or confidentiality agreement, in which case the Receiving Party, may continue to use such documents in the course of its business subject to those agreements; or

b. Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party. Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

7. Subject to paragraphs 8 and 9 of this Protective Order, "Qualified Persons" having access to Discovery Material designated as *Confidential* under this Protective Order, in this action are the parties and:

a. Robins, Kaplan, Miller & Ciresi LLP, attorneys of record for Upsher-Smith Laboratories, Inc. and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

b. Gibson, Dunn & Crutcher LLP and Anthony Ostlund & Baer, P.A., attorneys of record for Defendants, and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

c. Independent consultants, vendors or experts retained by or for the parties and their counsel, including vendors preparing audiovisual aids, e.g. exhibits, models, graphics and video-tapes for use in the court room, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, who are not current employees of any party to this litigation or of any direct competitor of any party to this litigation. The outside

counsel providing documents designated *Confidential* or *Outside Counsel Eyes Only* to independent consultants, vendors or experts shall be responsible for that person or service's compliance with the provisions of this Protective Order.;

d. The Tribunal, Tribunal personnel and stenographic and video reporters engaged in proceedings incident to this action; and

e. Outside document copying services, and/or document coding or computerization services. For purposes of this paragraph 7(e), "document" refers to paper documents, video tapes, CD-ROMs, computer discs, and other similar media. The outside counsel providing documents designated *Confidential* or *Outside Counsel Eyes Only* to outside document copying services or document coding or computerization services shall be responsible for that service's compliance with the provisions of this Protective Order.

8. Any *Outside Counsel Eyes Only* information designated under this Protective Order shall be treated the same as *Confidential* information, except there shall be no access to the parties to *Outside Counsel Eyes Only* Information.

9. *Confidential* and *Outside Counsel Eyes Only* information and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this action and any appeals therefrom, and shall not be made available, or disclosed, or summarized to any persons, including the parties, other than as permitted by paragraphs 7-8 of this Protective Order. *Confidential* or *Outside Counsel Eyes Only* information shall be maintained by the Receiving Party under the overall supervision of outside counsel.

10. Any person in possession of *Confidential* or *Outside Counsel Eyes Only* information shall exercise reasonably appropriate care with regard to the storage, custody or use of such *Confidential* or *Outside Counsel Eyes Only* information in order to ensure that the confidential nature is maintained.

11. If *Confidential* or *Outside Counsel Eyes Only* information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party and make every reasonable effort to retrieve such *Confidential* or *Outside Counsel Eyes Only* information and to prevent further disclosure.

12. When *Confidential* or *Outside Counsel Eyes Only* information is discussed, quoted or referred to in any deposition, the disclosing party shall ensure that only persons permitted by paragraphs 7-8 of this Protective Order to have access to such Information are present. The use of any such *Confidential* or *Outside Counsel Eyes Only* information for the purpose of any hearing or trial which is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise.

13. Use of *Confidential* or *Outside Counsel Eyes Only* information during a deposition shall be subject to compliance with this Order.

14. Any deposition transcript containing *Confidential* or *Outside Counsel Eyes Only* information shall be marked on the cover as "CONFIDENTIAL" (or interchangeably as "HIGHLY CONFIDENTIAL") or "OUTSIDE COUNSEL EYES ONLY" as appropriate, and shall indicate as appropriate within the transcript what information has been so designated. Whenever possible, the stenographic reporter shall be requested prior to the deposition (where the attorneys have reason to

believe the testimony will contain *Confidential* or *Outside Counsel Eyes Only* information) or when the *Confidential* or *Outside Counsel Eyes Only* information is disclosed (when not previously anticipated) to separate those portions of the transcript containing confidential information and separately bind it from the non-confidential portions. However, a party may designate any portion or all (if appropriate) of the transcript as containing *Confidential* or *Outside Counsel Eyes Only* information by so advising, with reasonable precision as to the affected testimony, the deposition reporter, who shall accordingly indicate in the deposition transcript what portion(s) of the testimony (or exhibits thereto) were so designated, or by so advising all other parties in writing, and with page and line designations, within thirty (30) business days after receipt of the transcript. Until thirty (30) business days have passed after the receipt of any transcript, that entire transcript shall be deemed to be *Outside Counsel Eyes Only*. In the event of disagreement about the confidential status of a deposition transcript, it shall continue to be treated as *Confidential* or *Outside Counsel Eyes Only*, whichever protection is being sought, until this Tribunal rules otherwise.

15. Any pleading, paper or other documents filed in this action which contains or discloses *Confidential* or *Outside Counsel Eyes Only* information shall be filed under seal and shall be maintained under seal according to the terms of this Protective Order or as otherwise determined by the Tribunal. When filing pleadings which contain *Confidential* or *Outside Counsel Eyes Only* information, the party so filing shall designate the following on the first page of filed documents: "UNDER SEAL - SUBJECT TO PROTECTIVE ORDER - CONTAINS CONFIDENTIAL OR OUTSIDE COUNSEL EYES ONLY MATERIAL" and shall otherwise comply with the Tribunal's order on the subject.

16. Entering into, agreeing to and/or producing or receiving *Confidential* or *Outside Counsel Eyes Only* information or otherwise complying with the terms of this Protective Order shall not:

a. Operate as an admission by any party that any Discovery Material designated as *Confidential* or *Outside Counsel Eyes Only* contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

b. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission to any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be *Confidential* or *Outside Counsel Eyes Only*;

c. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

d. Prejudice in any way the rights of any party to seek a determination by the Tribunal whether any Discovery Material designated *Confidential* or *Outside Counsel Eyes Only* information should be subject to the terms of this Protective Order;

e. Prejudice in any way the rights of any party to petition the Tribunal for a further protective order relating to any purportedly *Confidential* or *Outside Counsel Eyes Only* information;

f. Prejudice in any way the rights of any party to petition the Tribunal for permission to disclose or use particular *Confidential* or *Outside Counsel Eyes Only* information more broadly than would otherwise be permitted by the terms of this Protective Order; or

g. Prevent any Designating Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Discovery Material designated as *Confidential* or *Outside Counsel Eyes Only* by that party.

17. The signing of this Protective Order or failure of a party, at the time it receives Discovery Materials designated as *Confidential* or *Outside Counsel Eyes Only*, to challenge or object to the *Confidential* or *Outside Counsel Eyes Only* designations shall not be deemed a waiver of its right to challenge or object to the designations at any later time. Any party may at any time challenge the designation of any Discovery Materials as *Confidential* or *Outside Counsel Eyes Only* and may request permission to use or disclose information with *Confidential* or *Outside Counsel Eyes Only* designations other than as permitted, pursuant to this paragraph by serving (by facsimile transmission) a written request upon counsel for the Designating Party at least ten (10) business days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date as the facsimile is transmitted. Such request shall specifically identify the *Confidential* or *Outside Counsel Eyes Only* information, including Bates label, sought to be disclosed and the name, title and function of the person to whom disclosure is desired to be made. The Designating Party shall thereafter respond to the request in writing within ten (10) business days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Tribunal for resolution by the party seeking disclosure. Disclosure shall be postponed until a ruling has been obtained from the Tribunal.

18. All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Protective Order, after the conclusion of this action, including all appeals, until further Order of the Tribunal, unless the parties agree otherwise in writing. Any and all originals and copies of Discovery Materials designated *Confidential* or *Outside Counsel Eyes Only*, shall, at the request of the Designating Party, be returned to the party within sixty (60) days after a final judgment herein or settlement of this action, or, at the option of the Designating Party, destroyed in that time frame, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Tribunal, each deposition transcript together with the exhibits marked at the deposition, and documents constituting work product which were internally generated based upon or which include *Confidential* or *Outside Counsel Eyes Only* information. In the event that outside counsel maintains such documents, it shall not disclose material maintaining any type of *Confidential* or *Outside Counsel Eyes Only* information to another party absent subpoena or court order. Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests. In the event that documents are returned to or destroyed at the request of the Designating Party, the other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.

19. The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection

afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Designating Party shall immediately notify Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Designating Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be kept by counsel for the Receiving Party and counsel shall not use such information for any purpose until further Order of the Tribunal. The party producing such material may then move the Tribunal for an Order compelling return of the material. Any analyses, memoranda or notes which were internally generated based upon such inadvertently-produced information shall immediately be treated in conformance with the protected nature of the information. While the inadvertent production of any privileged or confidential information shall not be deemed a waiver, the party to whom such inadvertent production was made shall not be deemed in violation of this Protective Order for any use or disclosure of the information between the time of the inadvertent production of the information and the time confidential status is asserted. The Receiving Party shall use best efforts to recover such inadvertently produced information from any unqualified recipients but no liability shall accrue to the Receiving Party if such efforts are unsuccessful.

20. Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, or such other or additional relief as deemed appropriate by the Tribunal.

21. Third parties who produce information in this action may avail themselves of the provisions of this Protective Order and Discovery Material produced by third parties shall be treated by the parties in conformance with this Protective Order.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Dated: 8/8/03

By: Kimberly G. Miller
Ronald J. Schutz (#130849)
Jake M. Holdreith (#211011)
Christopher J. Sorenson (#270118)
Kimberly G. Miller (#032209X)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFF
UPSHER-SMITH LABORATORIES, INC.

GIBSON, DUNN & CRUTCHER, LLP

Dated:________________

By:________________________
Glenn K. Beaton
J. Gregory Whitehair

1801 California Street
Suite 4200
Denver, CO 80202-2641

- and -

ANTHONY OSTLUND & BAER, P.A.
Randy G. Gullickson (#185607)
Janel M. Dressen (#302818)
90 South Seventh Street, Suite 3600
Minneapolis, MN 55402

ATTORNEYS FOR DEFENDANTS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Dated: ________________

By: ______________________________
Ronald J. Schutz (#130849)
Jake M. Holdreith (#211011)
Christopher J. Sorenson (#270118)
Kimberly G. Miller (#032209X)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFF
UPSHER-SMITH LABORATORIES, INC.

GIBSON, DUNN & CRUTCHER, LLP

Dated: 8/8/03

By: ______________________________
Glenn K. Beaton
J. Gregory Whitehair

1801 California Street
Suite 4200
Denver, CO 80202-2641

- and -

ANTHONY OSTLUND & BAER, P.A.
Randy G. Gullickson (#185607)
Janel M. Dressen (#302818)
90 South Seventh Street, Suite 3600
Minneapolis, MN 55402

ATTORNEYS FOR DEFENDANTS

IT IS SO ORDERED this 11th day of August, 2003.

Magistrate Judge Arthur J. Boylan

ORIGINAL

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2003, I did cause a true and correct copy of the following:

1. Plaintiff Upsher-Smith Laboratories, Inc. And Defendant Pan American Laboratories, Inc.'s Joint Claim Construction Statement

2. Stipulated Protective Order

to be served upon the following attorneys of record:

Randy G. Gullickson, Esq. *Via U.S. Mail*
ANTHONY OSTLUND & BAER, P.A.
90 South Seventh Street
Suite 3600
Minneapolis, MN 55402

Glenn K. Beaton, Esq. *Via Facsimile U.S. Mail*
GIBSON DUNN & CRUTCHER
1801 California Street
Suite 4200
Denver, CO 80202-2641

Kimberly G. Miller

20053101.1

AUG 1 1 2003

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.