**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Upsher-Smith Laboratories,

Plaintiff,

v.

Pan American Laboratories, Inc.,

Defendant.

Civil No. 01-352 ADM/AJB

**PROTECTIVE ORDER ON ADMISSIONS AND INTERROGATORY**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff's motion for protective order [Docket No. 84] seeking protection from the obligation to respond to specified admissions requests and an interrogatory served by defendant Pan American Laboratories, Inc. Hearing was held on September 4, 2003, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Kimberly G. Miller, Esq., appeared on behalf of the plaintiff. Glenn K. Beaton, Esq., appeared on behalf of the defendant.

Based upon the file and documents contained therein, along with arguments of counsel, **IT IS HEREBY ORDERED** that plaintiff's motion for protective order is **granted** [Docket No. 84]. Plaintiff is not required to respond to defendant Pan American Laboratories' Requests for Admissions Nos. 21-29 and is further excused from answering defendant's Interrogatory No. 9. The Court finds that admission requests Nos. 21-23, seeking admissions relating to coverage of products by other patents, *i.e.* the "Allen patents," is discovery that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence in light of the dismissal of a related declaratory judgment action. Fed. R.



SEP 15 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Civ. P. 26(b)(1). The Court further finds that the discovery relating to other patents imposes a significant and unnecessary investigatory burden on the plaintiff for the inappropriate purpose of binding plaintiff to a legal position concerning a matter which is not at issue in the action at bar. Likewise, the Court finds that admissions requests Nos. 24-28, seeking admissions relating to marketing of Folgard for lowering homocysteine levels, treatment of vascular disease, treatment of neuropsychiatric disease, treatment of renal disease, and treatment of hematologic disease, is discovery that is not relevant to the subject matter of this action and is not reasonably calculated to lead to discovery of admissible evidence. Id. Finally, the Court concludes that Request for Admissions No. 29, and Interrogatory No. 29, both relating to possible claims of infringement based upon other patents is discovery that is not relevant and is not reasonably calculated to lead to discovery of admissible evidence. Id. In particular, the Court is not persuaded that admissions concerning the marketing direction of Folgard or that discovery on the issue of infringement based upon other patents is pertinent to damages or any other issue in this case.

Dated: 9/15/03

Arthur J. Boylan
United States Magistrate Judge