**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

UPSHER-SMITH LABORATORIES, INC.,

Plaintiff,

v.

PANAMERICAN LABORATORIES, INC. AND METABOLITE LABORATORIES, INC.,

Defendants.

Civil No. 01-352 ADM/AJB

**ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

---

The above matter came before the Court on Plaintiff's Motion for Protective Order. [Docket No. 112]. A hearing was held by telephone on October 21, 2003. Kimberly C. Miller, Esq., appeared on behalf of Plaintiff Upsher-Smith. Randy G. Gullickson, Esq., and Glenn K. Beaton, Esq., appeared on behalf of the Defendant. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:** Plaintiff's Motion for Protective Order is **denied**. [Docket No. 112].

Dated: October 22, 2003

Arthur J. Boylan
United States Magistrate Judge

## MEMORANDUM

Plaintiff is not entitled to a Protective Order to shield it from Defendants' Rule 30(b)(6)

OCT 23 2003
FILED ____
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

notice. Defendant is entitled to the interpretation of the patent documents by a representative of the Plaintiff corporation. Federal Rule of Civil Procedure 30(b)(6) provides:

> "A party may in the party's notice and in subpoena name as the deponent a public or private corporation ... and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. ... The persons so designated shall testify as to matters known or reasonably available to the organization."

A party served with a 30(b)(6) notice has an obligation to produce a witness to testify as to all matters "known or reasonably available" to the entity. The witness must give testimony about the company's beliefs, interpretations and opinions, as well as the facts in documents.

"If need be, the responding party must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits." Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 638-39 (D.Minn.2000). The Court noted that it understood that "the burden upon the responding party, to prepare a knowledgeable Rule 30(b)(6) witness, may be an onerous one, but we are not aware of any less onerous means of assuring that the position of the corporation, that is involved in litigation, can be fully and fairly explored." Id. at 639. "If no person exists who is able to speak, on a corporation's behalf, on all of the topics noted in the deposition, the corporation cannot avoid the deposition by such a claim, but must prepare a deponent to testify as to those matters." Dwelly v. Yamaha Motor Corp., 214 F.R.D. 537, 540 (D.Minn.2003).

Here, Upsher concedes that the subject matter of the Rule 30(b)(6) notice is information that is "known or reasonably available" to it. Upsher contends, however, that it does not possess or have the means to obtain, except through expert witnesses, any information beyond that which

is found in the patents at issue and other documents already produced in this case.

However, the documents are not sufficient to answer Defendants' Rule 30(b)(6) notice. A Rule 30(b)(6) witness must testify not only to the objective facts, contained in the patents and related documents, but also to the corporation's subjective beliefs, opinions and interpretations of the facts and those documents. The documents cannot speak for themselves. Therefore, Upsher must produce a 30(b)(6) witness for deposition concerning "the effects of antioxidants on compositions containing folate and $B_{12}$" and "the scientific and medical aspects" of the patent. This Court will not issue a protective order defeating Defendants' Rule 30(b)(6) notice.

AJB