**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Upsher-Smith Laboratories, Inc.,

Plaintiff,

v.

Pan American Laboratories, Inc., Metabolite Laboratories, Inc., Pan American Laboratories L.L.C., and Pamlab, L.L.C.,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-352 ADM/AJB

---

Ronald J. Schutz, Esq., Jacob M. Holdreith, Esq., Christopher J. Sorenson, Esq., and Kimberly G. Miller, Esq., Robins, Kaplan, Miller, & Ciresi L.L.P., Minneapolis, MN on behalf of Plaintiff.

Randy G. Gullickson, Esq., and Courtland C. Merrill, Esq., Anthony Ostlund & Baer, P.A., Minneapolis, MN, and Glenn K. Beaton, Esq., J. Gregory Whitehair, Esq., and Amanda J. Tessar, Esq., Gibson, Dunn & Crutcher L.L.P., Denver, CO, on behalf of Defendants.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff Upsher-Smith Laboratories, Inc.'s ("Upsher-Smith") LR 72.1(b)(2) Appeal [Docket No. 135] of Magistrate Judge Boylan's October 22, 2003 Order [Docket No. 130] on Plaintiff's Motion for a Protective Order. Upsher-Smith asks the Court to issue an order allowing it to respond to Defendants Pan American Laboratories, L.L.C.'s and Pamlab, L.L.C.'s (collectively "Pamlab" or "Defendants") Rule 30(b)(6) notice through a stipulation, rather than with actual deposition testimony from an Upsher-Smith representative. For the reasons explained below, the Court denies Plaintiff's Appeal and requires Plaintiff to comply with Defendants' Rule 30(b)(6) request.

FILED DEC 18 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. BACKGROUND

This dispute concerns patents issued for vitamin supplements. Plaintiff alleges that Defendants' Foltx product infringes Plaintiff's United States Patent No. 5,932,624 (" '624 patent"). On September 19, 2003, Defendants served a deposition notice on Upsher-Smith under Rule 30(b)(6). See Fed. R. Civ. P. 30(b)(6); Gullickson Aff. of 11/19/03 Ex. A. Rule 30(b)(6) allows parties to depose private corporations. Fed. R. Civ. P. 30(b)(6). As Defendants later clarified, they sought deposition testimony from Upsher-Smith concerning the following topic:

> [T]he effects of antioxidants on compositions containing folate and vitamin B12, (a) as described in the '624 patent, (b) as understood by a person of skill in the art at the time the application for the '624 patent was filed, and (c) as understood by Upsher to the best of its knowledge.

See Miller Aff. of 11/5/03 Ex. 4 (Letter from Tessar to Miller of 9/23/03 at 1).

In response to Pamlab's notice, Upsher-Smith filed a Motion for a Protective Order [Docket No. 112] under Rule 26(b)(2)(i). Plaintiff argues that a Rule 30(b)(6) deposition is unnecessary because Upsher-Smith lacks factual knowledge of the deposition topic beyond that disclosed in various documents including the '624 patent, its file history, and other scientific publications. See Pl's Mem. in Support at 3-4. Rule 26(b)(2)(i) limits discovery when it is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive . . . ." Fed. R. Civ. P. 26(b)(2)(i). Magistrate Judge Boylan denied Upsher-Smith's Motion, requiring it to comply with Pamlab's Rule 30(b)(6) notice. Upsher-Smith now appeals Judge Boylan's decision.

## III. DISCUSSION

In appeals of nondispositive pretrial matters, the district court must set aside any portion

of the magistrate judge's ruling that is "clearly erroneous or contrary to law." See D. Minn. LR 72.1(b)(2). Thus, the Court must affirm Judge Boylan's Order unless allowing Pamlab to depose an Upsher-Smith representative is blatantly cumulative, inconvenient, or burdensome. Fed. R. Civ. P. 26(b)(2)(i).

Plaintff's appeal is denied because Judge Boylan's ruling concerning Plaintiff's Motion for a Protective Order is neither clearly erroneous not contrary to law. Rule 30(b)(6) allows Defendants to depose Upsher-Smith about the '624 patent. Rule 30(b)(6) states the following:

> A party may in the party's notice and in subpoena name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters known or reasonably available to the organization.

A party served with a Rule 30(b)(6) subpoena must produce a witness to testify about all matters "known or reasonably available" to it. The deposition testimony may include the corporation's subjective beliefs and opinions, and the corporation must prepare a deponent if "no person exists who is able to speak . . . ." Dwelly v. Yamaha Motor Corp., 214 F.R.D. 537, 540 (D. Minn. 2003).

Plaintiff claims that Defendants' notice requests factual information that Upsher-Smith has previously disclosed in documents. However, because Rule 30(b)(6) requires Upsher-Smith to testify about its opinions and beliefs, it cannot rely on documents alone to respond to Pamlab's subpoena. The documents produced contain factual information, but state nothing about Upsher-Smiths' subjective views of the patented subject matter or the effects of antioxidants on $B_{12}$ and folic acid. Therefore, Plaintiff's Appeal is denied, and Plaintiff must comply with Judge

Boylan's October 22, 2003 Order. Additionally, Defendants' Request for Rule 37(a)(4)(A) attorney fees is denied.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's LR 72.1(b)(2) Appeal from Magistrate Judge Boylan's October 22, 2003 Order on Plaintiff's Motion for a Protective Order [Docket No. 135] is **DENIED**;
2. Plaintiff is ordered to comply with Judge Boylan's October 22, 2003 Order [Docket No. 130];
3. Defendants' Request for Rule 37(a)(4)(A) attorney fees is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: December 18, 2003