UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

**ORIGINAL**

---

Upsher-Smith Laboratories, Inc., Case Number 01-352 ADM/AJB

Plaintiff,

v.

Pamlab, L.L.C. and Pan American Laboratories, L.L.C.,

Defendants.

---

**PLAINTIFF UPSHER-SMITH'S UNOPPOSED MOTION TO STAY DISCOVERY AND ORDER**

---

Plaintiff Upsher-Smith Laboratories, Inc. brings this unopposed motion to stay discovery in this case pending the outcome of Defendants' Motion for Summary Judgment on the '646 Patent, filed on January 29, 2004, and Defendants' Motion for Summary Judgment for Attorney Fees Pursuant to 35 U.S.C. § 285, filed on February 4, 2004. During a conversation on February 20, 2004, counsel for Defendants Pamlab, L.L.C. and Pan American Laboratories, L.L.C. stated that defendants do not oppose this motion. Further, in its letter to the Court dated February 3, 2004, Defendants' counsel asked that any stay deemed appropriate by the Court should vacate the deadlines in the Pretrial Scheduling Order (attached letter at page 2).

As such, with the exception of the trial date of November 1, 2004, all deadlines set forth in the Pretrial Scheduling Order dated May 29, 2003 are vacated. If Defendants' Motion for Summary Judgment on the '646 Patent is denied, the parties will attempt to submit a joint

FILED MAR 2 2004
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

proposed revised schedule for all remaining deadlines. If the parties are unable to reach agreement, each party will provide a proposed revised schedule.

Dated: February 27, 2004.

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: [signature]

Ronald J. Schutz (#130849)
Jake M. Holdreith (#211011)
Misti Nelc (#296090)
Kimberly G. Miller (#032209X)

800 LaSalle Avenue
Suite 2800
Minneapolis, Minnesota 55402-2015
Phone: (612) 349-8500

**ATTORNEYS FOR PLAINTIFF UPSHER-SMITH LABORATORIES, INC.**

IT IS ORDERED.

Dated: March 1, 2004

BY THE COURT:

[signature]

Ann D. Montgomery
United States District Court Judge



Word 20080447.1

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2004, I did cause a true and correct copy of:

1. Plaintiff Upsher-Smith's Unopposed Motion to Stay Discovery and Order

to be served upon the following attorneys of record:

**Via Federal Express**
Amanda Tessar, Esq.
GIBSON DUNN & CRUTCHER
1801 California Street
Suite 4100
Denver, CO 80202-2641

**Via Messenger**
Randy G. Gullickson, Esq.
ANTHONY OSTLUND & BAER, P.A.
90 South Seventh Street
Suite 3600
Minneapolis, MN 55402

Misti Nelc
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402.2015
612.349.8500

GIBSON, DUNN & CRUTCHER LLP
LAWYERS
A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1801 California Street, Suite 4100 Denver, Colorado 80202-2641
(303) 298-5700
www.gibsondunn.com

gbeaton@gibsondunn.com

February 3, 2004

Direct Dial
(303) 298-5773
Fax No.
(303) 313-2818

Client No.
C 73318-00001

VIA FACSIMILE – 612-664-5097

The Honorable Ann D. Montgomery
U.S. District Court
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re: *Upsher-Smith Laboratories, Inc. v. PanAmerican Laboratories, Inc., et al.*
*Case No. 01-352- ADM/AJB*

Dear Your Honor:

This letter responds to the January 26, 2004 letter from Ms. Misti Nelc, counsel for plaintiff Upsher-Smith Laboratories, Inc., attaching Upsher-Smith's Motion for a Protective Order and related filings. We write after an inquiry from your clerk as to our position on Ms. Nelc's letter.

Upsher-Smith's actions are in light of the Court's December 19, 2003 Order invalidating the first of Upsher-Smith's two patents in this case. Upsher-Smith apparently concedes that the Court's invalidation of its first patent effectively invalidates the second patent as well. However, Upsher-Smith has refused to withdraw its claim on the second patent. Instead, Upsher in its letter to the Court mentions its "anticipated motion for entry of final judgment" that is apparently intended to position the case for Upsher-Smith's appeal without actually reaching the substance of the second patent.[1] Upsher-Smith's motion accompanying its letter seeks a stay of the proceedings pending a decision on its anticipated motion that is to be filed in the future.

---

1 The exact content of Upsher-Smith's anticipated motion is uncertain, because it was not on file when Ms. Nelc filed her letter on January 26 and is not on file today.

GIBSON, DUNN & CRUTCHER LLP

The Honorable Ann D. Montgomery
February 3, 2004
Page 2

Defendants question whether Upsher-Smith's anticipated motion will actually serve to effectuate a final judgment against Upsher-Smith, on the merits, as required by the Federal Circuit.[2] Further, Upsher-Smith's anticipated motion and a judgment pursuant thereto would leave unaddressed Defendants' request for attorney fees under § 285 of the Patent Act. For these reasons, Defendants do not plan to stipulate Upsher-Smith's anticipated motion.

Instead, Defendants filed last week a motion for summary judgment on Upsher-Smith's second patent. This motion tracks the earlier-granted motion for summary judgment on Upsher-Smith's first patent, and we respectfully submit that it will require little additional court time. Defendants this week are also filing a motion for their attorney fees under § 285 of the Patent Act. The disposition of these two motions will produce a judgment that is final and on the merits.

Counsel for Upsher-Smith informed us today that it will be responding to our summary judgment motion on Upsher-Smith's second patent (see enclosed copy of the letter). Apparently, Upsher-Smith's "anticipated motion" will not in fact be filed.

Defendants do not object to a stay of discovery and other pretrial proceedings for the limited period of time necessary to dispose of these two motions – defendants' motion for summary judgment on the second of Upsher-Smith's two patents and defendants' motion for attorney fees under § 285 of the Patent Act. Defendants do object, however, to a stay for an unlimited period of time – such as a stay pending the disposition of Upsher-Smith's anticipated but unfiled and apparently not-to-be-filed motion.

On one final point, Defendants note that the Pretrial Scheduling Order entered May 30, 2003 sets forth numerous fast-approaching deadlines. Defendants would ask that any stay that the Court deems appropriate be formulated in such a manner that these deadlines are vacated so that they do not pass unmet.

Very truly yours,

Glenn K. Beaton

GKB/rha

cc: Jake Holdreith, Esq. (via facsimile), counsel for Upsher-Smith Laboratories, Inc.
Clerk of the U.S. District Court
Randy G. Gullickson, Esq.

---

2 See Memorandum of Law in Support of Defendants' Motion for Summary Judgment on the 646 Patent filed January 29, 2004 and the cases cited therein, pp. 8-9.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-41
www.rkmc.com

ATTORNEYS AT LAW

Jake M. Holdreith
(612) 349-8483

February 3, 2004

**<u>VIA FAX NO. 303-296-5310 & U.S. MAIL</u>**

Glenn K. Beaton, Esq.
GIBSON DUNN & CRUTCHER
1801 California Street
Suite 4200
Denver, CO 80202-2641

Re: Upsher-Smith v. Pamlab and Pan American Laboratories
Court File No. 01-352-ADM/AJB
Our File No. 121981-0000
Your File No. 2371-1

Dear Glenn:

In light of the fact that your clients filed a motion for summary judgment on the '646 patent, all offers that Upsher-Smith made for a stipulation of entry of final judgment are withdrawn. Instead, Upsher-Smith will respond to your clients' summary judgment brief.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Jake M. Holdreith

JMH/lmz
cc: Amanda Tessar, Esq. *(via fax)*

20078023.1