**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Upsher-Smith Laboratories, Inc.,

Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-352 ADM/AJB

Pan American Laboratories, Inc., Metabolite Laboratories, Inc., Pan American Laboratories L.L.C., and Pamlab, L.L.C.,

Defendants.

---

Ronald J. Schutz, Esq., Jacob M. Holdreith, Esq., Kimberly G. Miller, Esq., and Misti Nelc, Esq., Robins, Kaplan, Miller, & Ciresi L.L.P., Minneapolis, MN on behalf of Plaintiff.

Randy G. Gullickson, Esq., and Courtland C. Merrill, Esq., Anthony Ostlund & Baer, P.A., Minneapolis, MN, and Glenn K. Beaton, Esq., J. Gregory Whitehair, Esq., and Amanda J. Tessar, Esq., Gibson, Dunn & Crutcher L.L.P., Denver, CO, on behalf of Defendants.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff Upsher-Smith Laboratories, Inc.'s ("Upsher-Smith") LR 72.1(b)(2) Appeal [Docket No. 164] of Magistrate Judge Boylan's February 13, 2004 Order on Defendants' Motion for Fees and Costs [Docket No. 163]. Upsher-Smith asks the Court to preserve the issue of the reasonableness of Defendants Pan American Laboratories, L.L.C.'s and Pamlab, L.L.C.'s (collectively "Defendants") counsels' hourly rates for a motion for summary judgment for attorneys' fees under 35 U.S.C. § 285. Alternatively, Upsher-Smith requests the Court to find that Defendants' rates are unreasonable. For the reasons

explained below, the Court denies Plaintiff's Appeal.

## II. DISCUSSION

In appeals of nondispositive pretrial matters, the district court must set aside any portion of the magistrate judge's ruling that is "clearly erroneous or contrary to law." See D. Minn. LR 72.1(b)(2). Thus, the Court must affirm Judge Boylan's Order unless the amount of attorneys' fees and travel costs awarded is unreasonably high.

Federal Rule of Civil Procedure 30(g)(1) allows parties to recover costs incurred when a party gives notice of a deposition but then fails to appear. The rule provides:

> If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

Defendants were properly awarded travel costs and attorneys' fees in this case. Upsher-Smith served notice upon Defendants and stated it would depose two non-party witnesses in California on January 20, 2004. Defendants' counsel traveled to California and appeared at the deposition, but counsel for Upsher-Smith did not attend. In preparing for and traveling to the deposition in California, Defendants incurred $4,161 in travel costs and attorneys' fees. Additionally, Defendants spent $1,230 in its bringing its Motion for Reimbursement of Travel Costs and Attorney Fees [Docket No. 150]. Given these expenditures and Upsher-Smith's failure to appear, Defendants are entitled to fees under Rule 30(g)(1).

In its appeal, Upsher-Smith, who has already paid Defendants, does not directly contest the amount awarded, or ask the Court to reverse Judge Boylan's Order. Instead, Upsher-Smith requests

preservation of whether Defendants' attorneys' fees are reasonable, or alternatively, a finding that the fees are unreasonable. The Court declines to address Upsher-Smith's concerns because they are collateral to the February 13, 2004 Order.

Judge Boylan's Order requiring Upsher-Smith to pay Defendants $5,391 is not clearly erroneous or contrary to law based upon the plain language of the Federal Rules and Upsher-Smith's failure to attend the deposition. Therefore, Upsher-Smith's appeal is denied.

## III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's LR 72.1(b)(2) Appeal from Magistrate Judge Boylan's February 13, 2004 Order on Defendants' Motion for Fees and Costs for the Limited Purpose of Preserving the Issue of Reasonableness of Defendants' Counsels' Hourly Rates for Co-Pending Motion Under 35 U.S.C. § 235 [Docket No. 164] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 8, 2004.