CV.#01-352 ADM/AJB

# United States Court of Appeals for the Federal Circuit

04-1405

RECEIVED BY MAIL
JUN 2005
CLERK US DIST COURT MINNEAPOLIS MN

UPSHER-SMITH LABORATORIES, INC.,

Plaintiff-Appellant,

v.

PAMLAB, L.L.C. (formerly Pan American Laboratories, Inc.)
and PAN AMERICAN LABORATORIES, L.L.C.,

Defendants-Appellees,

and

METABOLITE LABORATORIES, INC.,

Defendant.

Jacob M. Holdreith, Robins, Kaplan, Miller & Ciresi L.L.P., of Minneapolis, Minnesota, argued for plaintiff-appellant. With him on the brief were Ronald J. Schutz, Misti Nelc, Kimberly G. Miller, and Jonathan D. Goins.

Glenn K. Beaton, Gibson, Dunn & Crutcher LLP, of Denver, Colorado, argued for defendants-appellees. With him on the brief were J. Gregory Whitehair and Amanda J. Tessar. Of counsel on the brief was Mark A. Perry, of Washington, DC.

Appealed from: United States District Court for the District of Minnesota

Judge Ann D. Montgomery

SCANNED
JUN 21 2005
U.S. DISTRICT COURT

# United States Court of Appeals for the Federal Circuit

04-1405

RECEIVED BY MAIL

JUN 2 1 2005

CLERK U.S. DIST COURT MINNEAPOLIS MN

UPSHER-SMITH LABORATORIES, INC.,

Plaintiff-Appellant,

v.

PAMLAB, L.L.C. (formerly Pan American Laboratories, Inc.)
and PAN AMERICAN LABORATORIES, L.L.C.,

Defendants-Appellees,

and

METABOLITE LABORATORIES, INC.,

Defendant.

---

DECIDED: June 17, 2005

---

Before MICHEL, Chief Judge, RADER, and SCHALL, Circuit Judges.

RADER, Circuit Judge.

Upsher-Smith Laboratories, Inc. (Upsher-Smith) is the assignee of U.S. Patent Nos. 5,932,624 (issued Aug. 3, 1999) and 6,605,646 (issued Aug. 12, 2003) ('624 and '646 patents, respectively) for vitamin supplement compositions. Upsher-Smith asserted claims 1, 2, 5, and 8-10 of the '624 patent and claims 1-7 of the '646 patent against Pan American Laboratories, L.L.C. and Pamlab, L.L.C. (collectively Pamlab).[1]

---

[1] Upsher-Smith originally filed a complaint for declaratory judgment against Pan American Laboratories, Inc. (Pan Am) and Metabolite Laboratories, Inc.

In two orders, the district court granted summary judgment to Pamlab, finding the asserted claims of the '624 and '646 patents invalid for anticipation and obviousness. Upsher-Smith Labs., Inc. v. Pan Am. Labs. Inc., No. 01-352 (D. Minn. Dec. 19, 2003) ('624 Order) (invalidity of the asserted claims of the '624 patent); Upsher-Smith Labs., Inc. v. Pan Am. Labs. Inc., No. 01-352 (D. Minn. Apr. 26, 2004) ('646 Order) (invalidity of the asserted claims of the '646 patent). Because the district court properly found that a prior art composition that "optionally includes" an ingredient anticipates a claim for the same composition that expressly excludes that ingredient, this court affirms.

I

The '624 patent discloses vitamin supplement compositions to lower serum homocysteine levels and protect against related blood vessel disorders. '624 patent, Abstract. The '646 patent discloses vitamin supplement compositions to prevent brain and nervous system damage, and pernicious anemia. '646 patent, Abstract. Specifically, the '624 and '646 patents claim vitamin supplement compositions consisting of vitamin $B_{12}$, folic acid (folate), and in some instances vitamin $B_6$. '624 patent, col. 2, ll. 15-19; '646 patent, col. 2, ll. 25-29. Claim 1 of the '624 patent, for instance, states:

> A vitamin or supplement composition adapted for administration to a human, the active components thereof consisting essentially of a member selected from the group consisting of:
> (a) folic acid, and vitamin $B_{12}$;
> (b) folic acid, vitamin $B_{12}$, and vitamin $B_6$;
> (c) folic acid, vitamin $B_{12}$, and a non-antioxidant vitamin; and

---

(Metabolite) for noninfringement, invalidity and unenforceability of U.S. Patent Nos. 5,735,873 and 5,563,126. Upsher-Smith amended its complaint to include infringement of the claims of the '624 patent by PanAm and Metabolite and infringement of the claims of the '646 patent by Pan American Laboratories, L.L.C. and Pamlab. Metabolite was dismissed as a party for lack of jurisdiction, and Pan Am no longer exists.

(d) folic acid, vitamin $B_{12}$, and non-antioxidant vitamins,
said composition being essentially free of anti[ ]oxidants.

'624 patent, col. 4, ll. 21-32. Importantly, the asserted claims of the '624 and '646 patents contain the requirement that the compositions be "essentially free of antioxidants."

The prior art contains many vitamin supplement compositions comprising vitamin $B_{12}$, folate, and vitamin $B_6$. However, the prior art that teaches compositions consisting of vitamin $B_{12}$, folate, and vitamin $B_6$ also teaches adding other vitamins and antioxidants to provide additional health benefits. Dr. Victor Herbert, the named inventor of the '624 and '646 patents, discovered that including antioxidants in such compositions destroys some of the vitamin $B_{12}$ and folate. Dr. Herbert obtained the '624 and '646 patents based on that discovery. Dr. Herbert distinguished the prior art by claiming compositions that expressly exclude antioxidants. Indeed, Upsher-Smith admits that the only difference between the asserted claims and the prior art is the claims' negative limitation excluding antioxidants.

In addition to teaching vitamin supplement compositions comprising vitamin $B_{12}$, folate and vitamin $B_6$, the prior art recognized that several substances known to be antioxidants were also known to destroy vitamin $B_{12}$ and folate. Specifically, an article published more than forty years before the filing dates of the '624 and '646 patents recognized that vitamins C and E, both of which were known antioxidants, are "incompatible" with vitamin $B_{12}$. Thomas J. Macek & Beate A. Feller, <u>Crystalline Vitamin $B_{12}$ in Pharmaceutical Preparations</u>, 41 Journal of the Am. Pharm. Assoc., No. 6, at 285 (1952). Dr. Hebert also published an article more than twenty years before the filing the date of the '624 and '646 patents teaching that vitamin C destroys vitamin $B_{12}$. Victor

Herbert, MD, JD, & Elizabeth Jacob, MD, Destruction of Vitamin $B_{12}$ by Asorbic Acid, 230 Journal of the Am. Med. Assoc., No. 2, at 241 (Oct. 14, 1974). Thus, the prior art teaches that certain substances known as antioxidants destroy vitamin $B_{12}$. The prior art does not teach, however, that the antioxidizing properties of those substances are responsible for this destruction. As described above, Dr. Herbert discovered that relationship.

Against this background, the district court decided Pamlab's motions for summary judgment of invalidity for anticipation and obviousness. The district court found the asserted claims of the '624 and '646 patents anticipated by European Patent Application No. 933114762.3 (filed Sept. 14, 1993) (European Application).[2] '624 Order at 11-12; '646 Order at 4-5. The European Application discloses the same compositions claimed in the '624 and '646 patents with the difference that the European Application "optionally includes" antioxidants. The district court found that because the European Application teaches compositions both with and without the antioxidants, it anticipates the asserted claims of the '624 and '646 patents. '624 Order at 11; '646 Order at 4-5. Upsher-Smith appeals. This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(1).

II

Anticipation is a question of fact. Elan Pharm., Inc. v. Mayo Found. for Med. Educ. & Research, 346 F.3d 1051, 1054 (Fed. Cir. 2003). However, this court reviews grants of summary judgment without deference. Knoll Pharm. Co. v. Teva Pharms.

---

[2] Because this court affirms the district court's anticipation findings in light of the European Application, this opinion will not address the district court's additional anticipation and obviousness findings.

USA, Inc., 367 F.3d 1381, 1384 (Fed. Cir. 2004). "Summary judgment is therefore appropriate when there is no genuine issue of material fact or when, drawing all factual inferences in favor of the nonmoving party, no 'reasonable jury could return a verdict for the nonmoving party.'" Omega Eng'g, Inc. v. Raytek Corp., 334 F.3d 1314, 1320 (Fed. Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

Upsher-Smith concedes that the European Application contains every element of the asserted claims of the '624 and '646 patents except the limitation "essentially free of antioxidants." Nevertheless, Upsher-Smith argues that because the European Application optionally includes antioxidants the district court erred in finding that it anticipates a limitation that expressly excludes antioxidants.

First, Upsher-Smith argues that the district court erred by placing the burden on Upsher-Smith to prove that the negative limitation was not found in the prior art rather than on Pamlab to prove the presence of the negative limitation in the prior art. The district court did not so err. A century-old axiom of patent law holds that a product "which would literally infringe if later in time anticipates if earlier." Schering Corp. v. Geneva Pharms., Inc., 339 F.3d 1373, 1379 (Fed. Cir. 2003) (quoting Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc., 246 F.3d 1368, 1378 (Fed. Cir. 2001)); accord Peters v. Active Mfg. Co., 129 U.S. 530, 537 (1889) ("That which infringes, if later, would anticipate, if earlier."). The European Application's "optional inclusion" of antioxidants teaches vitamin supplement compositions that both do and do not contain antioxidants. Thus, because compositions made according to the European Application that do not contain antioxidants would infringe the asserted claims of the '624 and '646 patents, those compositions anticipate the asserted claims despite no express teaching

to exclude the antioxidants in the European Application. Consequently, Pamlab presented a prima facie case of anticipation, and the district court properly placed the burden on Upsher-Smith to present rebuttal evidence sufficient to raise a genuine issue of material fact of no anticipation by the European Application.

In an attempt to rebut Pamlab's evidence of anticipation, Upsher-Smith argues that the European Application's discussion of the benefits of adding antioxidants to the compositions actually teaches away from expressly excluding antioxidants. However, "a reference is no less anticipatory if, after disclosing the invention, the reference then disparages it. Thus, the question whether a reference 'teaches away' from the invention is inapplicable to an anticipation analysis." Bristol-Myers Squibb Co., 246 F.3d at 1378 (quoting Celeritas Techs., Ltd. v. Rockwell Int'l Corp., 150 F.3d 1354, 1361 (Fed. Cir. 1998)). Consequently, this argument does not raise an issue of material fact.

Upsher-Smith argues next that the European Application teaches a "genus" of compositions that cannot anticipate the "species" compositions claimed in the '624 and '646 patents. This court has recognized that a prior "genus" will not necessarily prevent patenting of a "species." Eli Lilly & Co. v. Bd. of Regents of the Univ. of Wa., 334 F.3d 1264, 1270 (Fed. Cir. 2003). However, this principle is not applicable to the facts of this case because the asserted claims of the '624 and '646 patents are not limited to a "species" of the compositions taught by the European Application. The compositions claimed in the '624 and '646 patents are as equally broad as the compositions taught by the European Application without antioxidants. Consequently, the claims of the '624 and '646 patents are not "species" of the compositions taught by the European Application.

At the heart of this case, Dr. Herbert appears to have been the first to precisely articulate that antioxidants destroy vitamin $B_{12}$ and folate. Consequently, he observed that vitamin supplement compositions comprising vitamin $B_{12}$ and folate are more effective without antioxidants. At the time of Dr. Herbert's observation, however, vitamin supplement compositions consisting of vitamin $B_{12}$ and folate and essentially free of antioxidants were known in the prior art. While this court does not discount the significance of Dr. Herbert's discovery, "[t]he public remains free to make, use or sell prior art compositions or processes, regardless of whether or not they understand their complete makeup or the underlying scientific principles which allow them to operate." Atlas Powder Co. v. IRECO Inc., 190 F.3d 1342, 1348-49 (Fed. Cir. 1999); accord Schering Corp. v. Geneva Pharms., Inc., 339 F.3d 1373, 1379-80 (Fed. Cir. 2003). Consequently, Dr. Herbert's discovery of the scientific principles explaining the reasons that prior art vitamin supplement compositions comprising vitamin $B_{12}$ and folate and essentially free of antioxidants are more effective than similar compositions containing antioxidants does not entitle him to remove that prior art from the public domain by patenting those compositions.

This case comes very close to the reasoning in EMI Group North America, Inc. v. Cypress Semiconductor Corp., 268 F.3d 1342 (Fed. Cir. 2001). In that case, this court explained that people had used fires for thousands of years before the first discovery of oxygen as a component of combustion. The first discoverer of the role of oxygen could not have hypothetically claimed a method of making fire with oxygen. Id. at 1351. Similarly, Dr. Herbert cannot withdraw some vitamin compositions from the public

domain by explaining or purporting to claim the scientific underpinnings of their operation.

III

Because the district court properly found that there is no genuine issue on the fact that the European Application teaches every element of the asserted claims of the '624 and '646 patents, the district court's summary judgment of invalidity of the asserted claims of the '624 and '646 patents are affirmed.

COSTS

Each party shall bear its own costs.

AFFIRMED